UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
FANNIE MAE,

                Plaintiff,

- against -

QUICKWAY ESTATES LLC; JACOB GRUNHUT;
NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE; JOHN AND JANE
DOES 1-10; ABC LLC 1-10; and XYZ CORP. 1-10,

                Defendants.
------------------------------------- x

Case No. 7:22-cv-03048-KMK

**ORDER APPOINTING RECEIVER
AT MORTGAGED PROPERTY**

Upon the Summons and Verified Complaint herein, filed with the Clerk of the United States District Court for the Southern District of New York on April 13, 2022 along with this *ex parte* Application and the Notice of Pendency of this action filed with the Clerk of Orange County, New York simultaneously therewith and upon reading and filing of the Declaration of Mark A. Slama, sworn to on April 12, 2022, and the exhibits attached thereto, and it appearing to the satisfaction of the Court that this action is properly brought to foreclose the liens evidenced and secured by the Mortgages set forth in the Verified Complaint as more particularly described in Schedule A of the Verified Complaint herein, together with the buildings, structures, improvements, and other property thereon as applicable (collectively the "**Property**"). The Property together with any and all other property, real, personal and mixed, referred to in the Mortgages being hereinafter collectively referred to as the "**Mortgaged Property**"; that the plaintiff Fannie Mae ("**Plaintiff**" or "**Mortgagee**") is the holder of the Mortgages; that in and by the Mortgages it was covenanted that Mortgagee shall be entitled to the appointment of such receiver *ex parte* in any action to foreclose the Mortgages as a matter of right, without notice;

{12040973:1}          1

that the mortgagor, Quickway Estates LLC ("**Borrower**") and guarantor, Jacob Grunhut ("**Guarantor**", together with Borrower, "**Obligors**"), are in default under the Mortgages for *inter alia*, failing to make payments of principal, interest and other charges due under the loan documents; that the Plaintiff has the right to maintain this action to foreclose the Mortgages; and that the appointment of a receiver for the Mortgaged Property, as more particularly described in Schedule A of the Verified Complaint, is necessary for the protection of the Mortgaged Property and the Plaintiff's interest therein;

**NOW**, upon application of Windels Marx Lane & Mittendorf, LLP, attorneys for the Plaintiff, it is

**ORDERED**, that Harvey L. Greenberg, Esq. (Fiduciary No.: 131465) of Greenberg & Wilner ("**Receiver**") be and he hereby is appointed, with the usual powers and directions along with those set forth in this Order, Receiver for the benefit of the Mortgaged Property and the Plaintiff of all the rents and profits now due during the pendency of this action and issuing out of the Mortgaged Property as set forth in the Complaint which is encumbered by Plaintiff's Mortgage liens; and it is further

**ORDERED**, that the Receiver is authorized to forthwith take charge, operate and enter into possession of the Mortgaged Property; and it is further

**ORDERED**, that Receiver shall manage and otherwise control the Mortgaged Property; and it is further

**ORDERED**, that before entering upon his duties, said Receiver shall be sworn to fairly and faithfully discharge the trust committed to him and this oath shall be filed with the Clerk of the United States District Court for the Southern District, and shall execute to the People of the State of New York and file with the Clerk of this Court an undertaking in the penal sum of $55,200, conditioned for the faithful discharge of his duties as such Receiver; and it is

further

ORDERED, Receiver shall have all necessary powers to lease, operate, and otherwise manage the Mortgaged Property including, without limitation, the following powers and responsibilities:

(a) To take possession of the Mortgaged Property and all personalty located thereon including, without limitation, all related books, records and bank accounts (in the name of Obligors, any property manager, or other entity related to the ownership or operation of the Mortgaged Property), keys, combinations or other access codes for locks/devices, equipment, software, passwords, websites, computers, telephone and facsimile numbers, email addresses, instruments, leases, employment agreements, customer lists, advance bookings and reservation lists, plans and specifications, service agreements, management agreements, franchise agreements, federal and state taxpayer identification numbers, information and materials and such other personalty as may be found on or off the Mortgaged Property which relates in any manner to the management, ownership or operation of all or any portion of the Mortgaged Property.

(b) To supervise and oversee the operation and management of the Mortgaged Property, including the management of employees and termination of employees if the Receiver, in its discretion, deems such action to be appropriate, and to assume all responsibility for letting or re-letting space or equipment at the Mortgaged Property and amending, modifying or terminating leases as necessary or appropriate. Upon Plaintiff's prior written consent, the Receiver or its designee may enter into new leases with respect to the Mortgaged Property or enter into or authorize the renewal or expansion of existing leases.

(c) To direct Obligors and their agents, employees or other representatives, and any property manager to immediately to turn over, deliver or cause to be delivered, and thereby surrender possession to the Receiver or its designee of all personalty which relates in any manner to the ownership, management or operation of the Mortgaged Property including, without limitation, all keys, combinations for locks or other access codes (including computer access codes), books, records, accounts, bank accounts, bank account information, rents, revenues, and other income (whenever received), security deposits (including any advances or prepaid rents and other deposits, if any, with a list by tenant of the amount of each security deposit or prepaid rent), leases, operating statements, insurance certificates and policies, reserve accounts, contracts agreements, permits, licenses, certificates and the like pertaining to the operation of the Mortgaged Property. The Receiver is authorized to deal directly with Borrower's financial institutions on Borrower's behalf in accordance with the terms of this Order. Subject to applicable law or liens, Borrower's financial institutions are directed to, at Receiver's request, turn over all funds and/or deposits to Receiver.

(d)     To take such steps with regard to the outstanding accounts payable and the status of operations of the Mortgaged Property in order to maintain, preserve, and protect the Mortgaged Property including, without limitation, to discern the status of the outstanding accounts payable, to settle or compromise such accounts as the Receiver or its designee deems necessary and to demand, collect and receive from Borrower and all present and future tenants, occupants or other parties in possession of all or any portion of the Mortgaged Property all sums now due and unpaid or which hereafter shall become due with respect to or arising out of the Mortgaged Property during the pendency of the receivership authorized hereby. Notwithstanding the foregoing, Receiver shall not, absent Plaintiff's written consent, pay outstanding operating expenses of the Mortgaged Property incurred prior to the appointment date of Receiver.

(e)     Upon the express written consent of Plaintiff, to comply with, terminate, re-negotiate or abrogate any or all agreements, contracts, understandings or commitments entered into by Borrower with respect to the Mortgaged Property, including, without limitation, any management agreements and leases of space in the Mortgaged Property, to the extent permitted by applicable law.

(f)     Upon the express written consent of Plaintiff, to purchase inventory, operating supplies, personal property, and equipment as necessary in Receiver's belief to operate the Mortgaged Property.

(g)     Upon the express written consent of Plaintiff, to enter into leases for equipment and personal property for use at the Mortgaged Property.

(h)     Upon the express written consent of Plaintiff, to terminate, negotiate and enter into credit card agreements, marketing agreements, reservation system agreements, advertising agreements (including those for internet advertising), group sales agreements and other contracts and agreements as Receiver deems necessary to operate the Mortgaged Property.

(i)     To take possession of all prepayments, escrows and security, utility and other deposits received by or on behalf of Borrower or its agents and any escrows or similar deposits made by Borrower or its agents to any lessor, utility provider or other service provider, public or private, in each case in connection with the ownership, operation, repair or use of the Mortgaged Property and, upon the express written consent of Plaintiff, to open new accounts with, or negotiate, compromise or otherwise settle Borrower's existing obligations to, utility companies or other service providers or suppliers of goods and services to the Mortgaged Property and to otherwise enter into such agreements, contracts or understandings with such utility companies or other service providers or suppliers as are necessary to maintain, preserve and protect the Mortgaged Property.

(j)     To open and manage bank accounts with respect to the Receiver's or its designee's management, operation, maintenance, improvement and/or leasing of the Mortgaged Property.

{12040973:1}      4

(k) Upon the express written consent of the Plaintiff, to employ contractors to provide services at Mortgaged Property including, but not limited to, security services at the Mortgaged Property.

(l) To undertake renovations, repairs and replacement of the Mortgaged Property and/or personal property, as applicable, as is necessary to comply with the requirements of any franchise, license or management agreement which has previously been approved in writing by Plaintiff. The removal and/or replacement of any personal property shall be subject to the prior written consent of Plaintiff unless such personal property is replaced with like property in the ordinary course of business.

(m) To secure such monies as Plaintiff may be willing to advance for the preservation and maintenance of the Mortgaged Property and to pay the Receiver's fee, including current costs of repairs and general maintenance, security, utilities, reserve for working capital, insurance and other necessary services, with all such funds so advanced by Plaintiff to be added to Borrower's indebtedness to Plaintiff and to be secured by the Plaintiff's Loan Documents, including; without limitation, the Mortgage (as defined in the Complaint), with interest to accrue and be paid upon all such monies so advanced at the rate set forth in the Note (as defined in the Complaint), and all such monies so advanced, including interest thereon shall be secured by the Mortgage. All such monies advanced for the preservation and maintenance of the Mortgaged Property, together with interest thereon, shall be repaid, to the extent feasible, from the operating revenues of the Mortgaged Property whether such operating revenues are generated before, during or after the receivership.

(n) To execute any and all documents, instruments, contracts and other writings on behalf of and/or in the name of Obligors, if required, that relate in any way to the management, maintenance, improvement and operation of the Mortgaged Property.

(o) To operate the Mortgaged Property under the authority of any existing permits and licenses, whether in the name of the Borrower or its partners, officers, directors, representatives, servants, contractors, agents, employees or management company or whether in the name of the Receiver and/or Receiver's designee.

(p) To institute and carry on all legal proceedings necessary for the protection of the Mortgaged Property.

(q) To institute and prosecute suits for the collection of rents now due or hereafter becoming due on all or a portion of the Mortgaged Property.

(r) To institute and prosecute summary proceedings for the removal of any tenant or tenants or other persons from the Mortgaged Property.

(s) To pay when due the taxes, assessments, water and sewer charges, and

|     |     |
| --- | --- |
| | gas/oil/electricity charges for heating and lighting the Mortgaged Property, except the Receiver shall not pay those charges which are the obligations of the tenants of the Mortgaged Property unless ordered to do so by this Court. |
| (t) | Subject to the Plaintiff's prior approval and consent, communicate negotiate, and otherwise deal with any franchisor in order to secure the continuation, renewal and reinstatement of any franchise or license agreements or to obtain new franchise or license agreements pertaining to the Mortgaged Property, including the payment of any franchise or licensing fees, but only upon terms and conditions that are subject to the Plaintiff's approval; |
| (u) | To apply to this Court for further directions and for such further powers as may be necessary to enable the Receiver to fulfill its duties; and it is further |

**ORDERED**, if the existing insurance coverage for the Mortgaged Property is inadequate pursuant to the Loan Documents or the franchise or license agreement, or because the Receiver not be adequately insured, the Receiver shall obtain insurance coverage in compliance with the Loan Documents and the franchise license agreement to adequately insure the Receiver and the Mortgaged Property. The Receiver shall have the authority to cancel existing policies and replace existing insurance coverage for the Mortgaged Property with insurance that satisfies the requirements of the Loan Documents and/or the franchise or license agreement. Any premium refunds paid by existing insurers shall be paid to the Receiver. In the event that coverage does not exist, the Receiver is authorized to obtain insurance in accordance with the terms of the Loan Documents. Upon the expiration of the paid portion of the existing insurance policy or policies, the Receiver shall have the responsibility for keeping the Mortgaged Property insured and may, at its option, keep in force the existing insurance policy or policies or obtain a new policy or policies for the Mortgaged Property, each of which shall name the Plaintiff, Receiver, and their affiliates as insureds or additional insureds thereunder, as the case may be; and it is further

**ORDERED**, that the tenants, licenses, occupants, or other persons in possession of any portion or the whole of said Mortgaged Property attorn to said Receiver and pay over to

said Receiver all rents, occupancy fees and license fees and other charges of such Mortgaged Property now due and unpaid, or that may hereafter become due; and that defendants Quickway Estates LLC and Jacob Grunhut, and any of their agents, assigns, or employees be and are hereby enjoined and restrained from collecting the rents and license fees and other charges of said Mortgaged Property and from interfering in any manner with the management, care, or use of the Mortgaged Property or its possession; and from transferring, removing or in any way disturbing any of the occupants or employees; and that all tenants, occupants, employees and licensees of the Mortgaged Property and other persons liable for the rents be and hereby are enjoined and restrained from paying any rent or license fees or other charges for such Mortgaged Property to the defendants, their agents, servants or attorneys; and it is further

**ORDERED**, that said Receiver be and hereby is directed to demand, collect and receive from the occupants, tenants, and licensees or others in possession of any part or the whole of said Mortgaged Property, or other persons liable therefor, all the rents, occupancy fees or charges and any license fees thereof now due and unpaid or hereafter to become fixed or due, and that, upon receipt of Plaintiff's written consent, Receiver be and hereby is authorized to institute and carry on all legal proceedings necessary for the protection, care, maintenance and management of said Mortgaged Property or to recover possession of the whole, or any part thereof, and/or apply to the Court to fix reasonable rental value and license fee value and to compel the tenants and occupant(s) to attorn to the Receiver; and it is further

**ORDERED**, that Obligors or any of their agents or assigns turn over to the Receiver all rents collected from and after the date of this Order; and it is further

**ORDERED**, that all persons now or hereafter in possession of said Mortgaged Property, or any part thereof, and not holding such possession under valid and existing leases or tenancies, do forthwith surrender such possession to said Receiver, subject to emergency laws, if

{12040973:1}  7

any; and it is further

**ORDERED**, that, upon receipt of Plaintiff's written consent, said Receiver may institute and prosecute suits for the collection of rents, license fees and other charges now due or hereafter to become due or fixed, and summary proceedings for the removal of any tenants or licensees or other persons therefrom; and it is further

**ORDERED**, that the Receiver be and hereby is authorized to employ counsel in connection with the receivership, with the approval of the Court and subject to an advance budget approved by the Court or notice to the Plaintiff; and it is further

**ORDERED**, that, subject to the Court's final review, approval and confirmation, the Receiver shall be compensated by the payment of a commission in the amount of five-percent (5%) of the sums received and disbursed by the Receiver.

**ORDERED**, that pursuant to the provisions of the General Obligations Law Section 7-105, anybody holding any deposits or advances of rental as security under any lease or license agreement affecting space in the Mortgaged Property affected by this action shall turn same over to said Receiver within five (5) days after said Receiver shall have qualified; and thereupon the said Receiver shall hold such security subject to such disposition thereof as shall be provided in an order of this Court to be made and entered in this action; and it is further

**ORDERED**, that any person or entity in possession of same shall turn over to said Receiver all rent lists, orders, unexpired and expired leases, agreements, correspondence, notices and registration statements relating to rental space or facilities in the Mortgaged Property; and it is further

**ORDERED**, that if any of the defendants or their contractors, agents and/or employees are in possession of the licenses, permits, contracts, subcontracts, plans, agreements, correspondence, notices, and registration statements relating to the Mortgaged Property, they

shall immediately deliver them to the Receiver; and it is further

**ORDERED**, that said Receiver be and hereby is authorized and directed to investigate and prosecute insurance and third-party claims arising from losses at the Mortgaged Property and apply the proceeds thereof to repair and preserve the Mortgaged Property; and it is further

**ORDERED**, that the Receiver shall not be liable for any obligation of Obligors relating to the Mortgaged Property that arose prior to the Effective Date of this Order, including, without limitation, any contingent or unliquidated obligations, taxes of any kind, assessments, utility charges, or goods or services provided to one or more of the Obligors or the Mortgaged Property, nor shall the Plaintiff or the Receiver be obligated to advance any funds to pay any expense of maintenance or other liability of the Obligors' or the Mortgaged Property. Notwithstanding the foregoing, should the Plaintiff decide, in its discretion to advance funds, to maintain or preserve the Mortgaged Property, the repayment of all such funds advanced shall be secured by the Loan Documents, shall be added to any judgment entered in this action, and shall be payable thereunder; and it is further

**ORDERED**, that said Receiver forthwith deposit all monies received by him at the time he receives the same in his own name as Receiver in an account at any bank doing business in the State of New York whose deposits are insured by the FDIC (the "**Depository**") and such account shall show the name of this action, and no withdrawals shall be made therefrom except as directed by the Court or on a draft or check signed by the Receiver and countersigned by the surety on his bond or as required to pay for repairs and expenses of the Mortgaged Property; and it is further

**ORDERED**, that the Receiver shall furnish the Plaintiff and Plaintiff's attorneys monthly statements of the receipts and expenditures of the Receivership, together with a

{12040973:1} 9

photocopy of the monthly statements received from said deposits, as well as monthly rent rolls showing collections, delinquencies and vacant units at the Mortgaged Property; and it is further

**ORDERED**, that the Depository shall send monthly statements of deposits in and withdrawals from the account of the depositor Receiver to it and the attorney for the Plaintiff; and it is further

**ORDERED**, that during the pendency of this action Obligors and their agents be, and hereby are, enjoined and restrained from contracting to sell or lease or otherwise license for use or possession any of apartments or retail space at the Mortgaged Property or other portions of the Mortgaged Property and from interfering with the said Receiver or his agents in their operation, leasing and possession of the Mortgaged Property, and it is further

**ORDERED**, that the Receiver is authorized to secure, obtain and/or arrange for the continued storage of any prepaid building materials, to supervise any subcontractors entering onto the Mortgaged Property to remove any rented equipment, and to preserve, continue or obtain any additional necessary permits or licenses to protect or secure the Mortgaged Property; and it is further

**ORDERED**, that the Receiver is authorized to pay, from the monies held by Receiver in connection with the Mortgaged Property, the taxes, assessments, water and sewer rates and charges, the operational expenses for the Mortgaged Property, and the cost of all insurance required by the terms of the Mortgage or bonds necessary or required under the Loan Documents, and only after receipt of written consent by Plaintiff: (a) to make secure the Mortgaged Property and safeguard it from the elements and from acts of theft or vandalism, waste or deterioration; (b) to comply with all requirements of any department or other authority having jurisdiction; (c) to take such prudent and necessary actions that would prevent further deterioration of the constructed portions of the Mortgaged Property or those to be demolished,

and (d) to take such further action that a prudent owner or manager would with respect to the Mortgaged Property to preserve its value; and it is further

**ORDERED**, that notwithstanding anything to the contrary contained in this order, the Receiver is prohibited from paying and/or incurring obligations, cost and expenses in excess of the monies in his/her hands without Plaintiff's written consent; and it is further,

**ORDERED**, that said Receiver be and hereby is authorized to make any prudent, reasonable, and necessary repairs or work to the Mortgaged Property and undertake such action, provided that, the cost of such repairs and work do not exceed $3,500.00 in the aggregate, or Receiver has obtained Plaintiff's written consent to make such repairs or conduct such work; and it is further

**ORDERED**, that said Receiver be and hereby is authorized and directed to inspect the Mortgaged Property to correct potentially unsafe conditions and effectuate repairs and maintenance needed to preserve and protect the Mortgaged Property or persons and property thereat, provided that, the cost of such corrections, repairs and maintenance do not exceed $3,500.00 in the aggregate, or Receiver has obtained Plaintiff's written consent to make such corrections, repairs or work; and it is further

**ORDERED**, that said Receiver be and hereby is authorized and directed to resolve all unaddressed building violations issued against the Mortgaged Property and remediate same with the regulatory authorities as is necessary to (i) make such issues that are the subject of such violations safe and complete required construction or demolition activities at the Mortgaged Property; and (ii) comply with controlling law and regulations, provided that, the cost of such resolution and remediation does not exceed $3,500.00 in the aggregate or Receiver has obtained Plaintiff's written consent to make such corrections, repairs or work; and it is further

**ORDERED**, that notwithstanding anything to the contrary contained in this

order, the receiver shall not, without Plaintiff's written consent, make improvements or repairs to the property at a cost in excess of $3,500.00; and it is further,

**ORDERED**, that, upon receipt of Plaintiff's written consent, the Receiver is authorized to lease any unit of the Mortgaged Property which is vacant as of the date of this Order, or that may become vacant during the term of the Receivership provided that the terms of the lease(s) are approved by Plaintiff in writing, comply with laws of the State of New York and comply with any local laws governing the use or occupancy of the Property; and it is further;

**ORDERED**, that the Receiver after paying the expenses of the management and care of the Mortgaged Property as above provided retain the balance of the moneys that may come into his/her hands, until the further order of this Court and provide a final accounting to the attorney for the Plaintiff of all funds received and/or disbursed by the Receiver; and it is further

**ORDERED**, that the receivership shall terminate by Order of this Court; and it is further

**ORDERED**, that the Plaintiff shall be entitled to, but shall not have the obligation to, make protective advances whether by payment to the Receiver as the Receiver may at any time request from Plaintiff to secure and protect the Mortgaged Property or Plaintiff may make direct payment of such expenses and thereafter seek reimbursement; and it is further

**ORDERED**, that the Receiver, or any party hereto, may at any time, on proper notice to the Plaintiff and all parties who may have appeared in this action and who have not waived such notice, apply to this Court for further and other instructions or powers necessary to enable the Receiver properly to fulfill his duties; and it is further

**E N T E R :** _____
U.S.D.J.
5/4/22

{12040973:1} 13