UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

FANNIE MAE,

                 Plaintiff,

- against -

QUICKWAY ESTATES LLC; JACOB GRUNHUT; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; JOHN AND JANE DOES 1-10; ABC LLC 1-10; and XYZ CORP. 1-10,

                 Defendants.

------------------------------------- x

Case No. 7:22-cv-03048

**JUDGMENT OF FORECLOSURE AND SALE**

      Upon the Summons and Verified Complaint in Foreclosure dated April 13, 2022, the Notice of Pendency of Action and the Amended and Corrected Notice of Pendency duly filed with the Office of the Clerk of Orange County on June 3, 2022 and July 5, 2022, respectively (together, the "**Notice of Pendency**"), the Opinion and Order dated September 21, 2023 granting Plaintiff's Motion for Summary Judgment, denying the Obligors' Motion for Summary Judgment, dismissing the Obligors' counterclaim, and directing Plaintiff to file a Proposed Judgment of Foreclosure and Sale providing for the sale of the Mortgaged Property and the appointment of a proposed Referee to calculate total amount owed to Plaintiff, effectuate the sale, and disperse funds from such a sale, and the pleadings and proceedings had heretofore herein, from which it appears that this action was brought to foreclose a commercial mortgage on real property wholly situate in the County of Orange, State of New York known as Section 304, Block 5, Lot 9 and commonly referred to as 5 Quickway Road, Monroe, New York, as more particularly described and identified by the legal metes and bounds description of the land included and improvement thereof of the property as set forth in Schedule 1 of the Verified

1

Complaint in Foreclosure (the "**Mortgaged Property**"), by reason of certain defaults as alleged in the Verified Complaint; and it further appearing that Defendants Quickway Estates LLC ("**Borrower**") and Jacob Grunhut ("**Guarantor**", together with Borrower, "**Obligors**") have failed to lay out a disputed issue of material fact and have further failed to state a valid defense to foreclosure; and it further appearing that Defendant New York State Department of Taxation and Finance ("**New York State**", and collectively with Obligors, "**Defendants**"), failed to answer the Verified Complaint or otherwise appear in the action and has further failed to lay out a disputed issue of material fact and does not raise any objections or defenses to foreclosure; and that since the filing of the Notice of Pendency of this action, the Verified Complaint has not been amended in any manner whatsoever;

**NOW**, on the motion of Windels Marx Lane & Mittendorf, LLP, attorneys of record for the Plaintiff, it is:

**ORDERED**, that Plaintiff is entitled to foreclose on the following (collectively, the "**Mortgage**"): (i) Mortgage by Unique Green Space LLC to Northeast Community Bank dated August 22, 2017, recorded in the Orange County Clerk's Office on November 28, 2017 in Book 14327 at Page 191 to secure the principal amount of $1,284,300.00, which Mortgage was assigned by Northeast Community Bank to Greystone Servicing Company LLC by that certain Non-Recourse Assignment of Mortgage dated December 4, 2019 and recorded in the Orange County Clerk's Office on December 27, 2019 in Book 14677 at Page 772; (ii) Mortgage by Unique Green Space LLC to Northeast Community Bank dated August 22, 2017, recorded in the Orange County Clerk's Office on November 28, 2017 in Book 14327 at Page 211 to secure the principal amount of $368,000.00, which Mortgage was assigned by Northeast Community Bank to Greystone Servicing Company LLC by that certain Non-Recourse Assignment of Mortgage dated December 4, 2019 and recorded in the Orange County Clerk's Office on December 27,

2

2019 in Book 14677 at Page 767; (iii) Gap Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing by Borrower to Greystone Servicing Company LLC dated December 9, 2019, recorded with the Orange County Clerk's Office on December 27, 2019 in Book 14677 at Page 777 under Instrument No.: 20190089601; which aforesaid mortgages were consolidated, extended, and modified into a single lien by that certain Consolidation, Extension and Modification Agreement by and between Borrower and Greystone Servicing Company LLC, dated December 9, 2019 and recorded with the Orange County Clerk's Office on December 27, 2019 in Book 14677 at Page 800 under Instrument No.: 20190089602; which aforesaid mortgages were assigned by Greystone Servicing Company LLC to Fannie Mae by that certain Assignment of Mortgages as Consolidated dated December 9, 2019 and recorded in the Orange County Clerk's Office on December 27, 2019 in Book 14677 at Page 836 under Instrument No.: 20190089603; which Mortgages encumber the Mortgaged Property; and it is further

**ORDERED**, that the Obligors are barred and foreclosed of and from all estate, right, title, interest, claim, lien, and equity of redemption of, in and to the Mortgaged Property with respect to the Mortgage, but are not barred from claiming a share of any surplus proceeds, if any, after payment of the entire debt owed to Plaintiff secured by the Mortgage on the Mortgaged Property; and it is further

**ORDERED**, that Bruce M. Levine, Esq. (Fiduciary No. 266082) (the "**Referee**"), with an office at 9 Robin Hood Road, Montebello, New York 10901, a telephone number of (845) 825-1439, and an email address of: levinebruce@msn.com, is hereby appointed Referee to (i) ascertain and compute the amount due to Plaintiff herein for principal, interest, taxes, attorneys' fees, default interest, late charges, water and sewer rents, if any, insurance premiums, if any, advances to protect the liens of the subject mortgages and any other charges due upon or secured

3

by the notes and mortgages mentioned in the Verified Complaint in Foreclosure herein and make a Referee Report of Amount Due, (ii) sell the Mortgaged Property, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale and the costs of this action as provided by the RPAPL (the "**Sale**"), and (iii) distribute the proceeds from the Sale as provided by the RPAPL; and it is further

**ORDERED** that the Referee appointed herein is subject to the requirements of Fed. R. Civ. P. 53 and Local Civil Rule 53.1, and, if the Referee is disqualified from receiving an appointment pursuant to the provision of that Rule, the Referee shall notify the Appointing Judge forthwith; and it is further

**ORDERED**, that by accepting this appointment, the Referee certifies that he/she is in compliance with Fed. R. Civ. P. 53; and it is further

**ORDERED**, that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with Fed. R. Civ. P. 53; and it is further

**ORDERED**, that, if required, the Referee take testimony and proofs pursuant to RPAPL § 1321; and it is further

**ORDERED**, that the Mortgaged Property shall be sold in one (1) parcel at public auction to the highest bidder, as authorized by RPAPL § 231(1) at the steps of the United States Courthouse for the Southern District of New York located at 300 Quarropas Street, White Plains, New York 10601-4150, by and under the direction the Referee, that the Referee shall set the date of sale and give public notice of the time and place of sale in accordance with the Real Property Actions & Proceedings Law ("RPAPL") § 231 in the Times Herald-Record or any other newspaper that satisfies the requirements of RPAP § 231, and it is further

**ORDERED**, that the Referee shall accept at such Sale the highest bid offered by a

4

bidder, who shall be identified upon the court record, and shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to the Referee, ten percent of the sum bid and shall execute Terms of Sale for the purchase of the premises, unless such successful bidder is the Plaintiff herein, in which case, no deposit against the purchase price shall be required, and it is further

**ORDERED**, that in the event that the first successful bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the subject property, the property shall thereafter immediately, on the same day, be reoffered at auction, and it is further

**ORDERED**, that the closing of title shall take place at such other location as the Referee shall determine within forty-five days after such Sale unless otherwise stipulated by all parties. The Referee shall transfer title <u>only</u> to the successful bidder at the auction. Any delay or adjournment of the closing date beyond forty-five days may be stipulated among the parties, with the Referee's consent, up to ninety days from the date of sale, but any adjournment beyond ninety days may be set only with the approval of this Court, and, it is further

**ORDERED**, that after sale the Referee shall deposit, in his/her name as Referee, the initial bid deposit in his/her IOLA or Separate Account, in a bank or trust company authorized to transact business in New York. This account shall be used solely to complete the closing of the sale and payment of the items referenced herein as needed, and it is further

**ORDERED**, that the Referee upon receiving the proceeds of such Sale shall forthwith pay therefrom:

<u>FIRST</u>: The statutory fees and commissions of the Referee pursuant to CPLR § 8003 (b) which shall not exceed $500 unless the sale price (the amount of the accepted bid) exceeds $50,000. In the event the sale price exceeds fifty thousand dollars and additional compensation

(including commissions) in excess of $500 is sought pursuant to CPLR § 8003(b), and if no surplus monies are produced by the sale, the parties may present a stipulation, signed by the Referee and all parties appearing, agreeing to a stated sum, to be so-ordered by the Court. Where surplus monies will be available following distribution of sums as provided herein, or where the parties are unable to agree to the Referee's proper compensation under CPLR § 8003 (b), application shall be made to this Court on notice to all parties known to be entitled to claim against any surplus monies, including the defaulting owner of the equity of redemption. Such application shall be promptly submitted to the Court within five days of the transfer of the deed and prior to filing the Report of Sale. The five day period for payment of surplus money into Court as set forth in RPAPL § 1354(4), and the thirty day period set forth in RPAPL § 1355 for the filing of the Report of Sale shall be deemed extended pending the decision of the Court regarding such application.

In the event a scheduled sale is cancelled or postponed, pursuant to CPLR § 8003(a), Plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation unless the Referee has requested the delay. Such compensation may be recouped from the proceeds of sale as a cost to Plaintiff. This Order shall constitute the necessary prior authorization for compensation as set forth herein.

No compensation in excess of $750, including compensation authorized pursuant to CPLR § 8003 (a) for computation of the sum due to Plaintiff, may be accepted by the Referee without Court approval.

SECOND: The expenses of the Sale, including the cost of advertising as shown on the bills presented and certified by the Referee to be correct, copies of which shall be annexed to the Report of Sale. The Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless from any such

6

penalties or fees accessed.

THIRD: Pursuant to RPAPL § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the foreclosed mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment.

FOURTH: The Referee shall then pay to the Plaintiff or its attorney the following:

The sum due to Plaintiff per Referee's Report of Amount Due, which report Plaintiff shall timely move to confirm prior to the Sale, together with any advances made by Plaintiff for taxes, insurance, principal, interest, and any other charges due to prior mortgages or to maintain the Mortgaged Property pending consummation of the Sale not previously included in the Referee's Report of Amount Due, all together with interest due thereon at the rate provided for in the applicable commercial debt instruments at issue in this action (the "**Loan Documents**") from the date of the Referee's Report of Amount Due to the date of the Order confirming the Referee's Report of Amount Due and then with interest thereon at the statutory rate until the deed conveying the Mortgaged Property is transferred;

Cost and Disbursements, if any, in an amount to be set by the Clerk upon application by Plaintiff, with interest thereon at the statutory rate from the date of the entry of the Order confirming the Referee's Report of Amount Due until the deed conveying the Mortgaged Property is transferred;

Reasonable Attorneys' fees in an amount to be set by the Court upon application by Plaintiff, with interest thereon at the statutory rate from the date of the entry of the Order confirming the Referee's Report of Amount Due until the deed conveying the Mortgaged Property is transferred;

Plaintiff shall timely move to confirm the Referee Report of Sale pursuant to RPAPL § 1355. It is further

**ORDERED**, that in case the Plaintiff be the purchaser of said mortgaged premises at said sale, the Referee shall not require the Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver only to the Plaintiff a deed of the premises sold upon the payment to the Referee of the sum awarded to him or her under the above provisions marked "FIRST", "SECOND", and "THIRD" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with the Referee receipts of the proper municipal authorities showing payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments to the Referee for compensation and expenses, taxes, assessments, sewer rents, water rates, and priority liens of a city agency, shall be allowed to the Plaintiff and applied by the Referee upon the amounts due to the Plaintiff as specified in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the Plaintiff, the Plaintiff shall pay to the Referee, upon delivery to Plaintiff of said Referee' deed, the amount of such surplus which shall be applied by the Referee, upon motion made pursuant to RPAPL § 1351(3) and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the property, pursuant to RPAPL § 1354 (3), which payment shall be reported in the Referee Report of Sale. Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL § 1354 (4) and the Referee shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by Plaintiff at the time of the sale, and it is further

**ORDERED**, that the Referee take the receipt of the Plaintiff or Plaintiff's attorney for the amounts paid as hereinbefore directed in item marked "FOURTH", and file it with its Report

8

of Sale, that it deposit the surplus monies, if any, with the Clerk of the United States District Court, Southern District of New York (Westchester) within five days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set forth herein, to the credit of this action, to be withdrawn only upon order of the Court, signed by a Judge of the Court; that the Referee make its Report of such Sale under oath showing the disposition of the proceeds of the sale, accompanied by the vouchers of the persons to whom payment was made, and file it with the Clerk of the United States District Court, Southern District of New York (Westchester), with a copy to the Chambers of the Appointing Judge, within thirty days after completing the sale and executing the proper conveyance to the purchaser or within thirty days of the decision of the court with respect to any application for additional compensation; and it is further

**ORDERED**, that if the proceeds of such sale be insufficient to pay the amount due to the Plaintiff with interest and costs as aforesaid, the Plaintiff may recover from Borrower and/or Guarantor the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after the sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by RPAPL § 1371 within 90 days of the delivery of the deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is further

**ORDERED**, that the purchaser or purchasers at such sale be let into possession on production of the Referee's deed or deeds; and it is further

**ORDERED**, that each and all of the defendants in this action, and all persons claiming under any of them after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of

redemption in the said mortgaged premises and each and every part thereof; and it is further

**ORDERED**, that said premises is to be sold in one parcel in "as is" physical order and condition on the day of sale, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show, any covenants, restrictions, declarations, reservations, easements, right of way and public utility agreements of record, any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same, any rights of tenants or persons in possession of the subject premises, prior liens of record, if any, except those liens addressed in RPAPL § 1354, and any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale. Risk of loss shall not pass to purchaser until closing of title; and it is further

**ORDERED**, that the Referee's fees shall be: (i) $250.00 upon the issuance of the Referee Report of Amount Due; and (ii) $750.00 upon the sale of the Mortgaged Property and issuance of the Report of Sale; and it is further

**ORDERED**, that the date of the judgment is deemed the date the Order Confirming the Referee Report of Amount Due is entered. If the Referee cannot conduct the Sale within 90 days of the date of the judgment, in accordance with Fed. R. Civ. P. § 6(b), the time fixed by RPAPL § 1351(1) is extended for the Referee to conduct the Sale as soon as reasonable practicable; and it is further

**ORDERED**, that in absence of the Referee, the Court may designate a substitute Referee forthwith; and it is further

**ORDERED**, that a copy of this Order shall be served upon all parties to this action, the Referee, the owner of the equity of redemption as of the date of this Order, any tenants named in this action and any other party entitled to notice within twenty days of entry and no less than

thirty days prior to sale; and it is further

**ORDERED**, that the Plaintiff shall serve a copy of the Notice of Sale upon the Owner of Equity of Redemption at both his/her last known address and the property address (affidavit of such service shall be presented to the Foreclosure Clerk on or before the auction sale) and upon the Foreclosure Department at least ten (10) days prior to the scheduled sale.

ENTER:

_____
Hon. Kenneth M. Karas, U.S.D.J.

Dated: January 11, 2024